DLD-076                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4193
_____

IN RE:  WILMER GAY,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
Eastern District Court of the Pennsylvania
(Related to E.D. Pa. Civ. No. 11-cv-04194)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 22, 2011

Before:  AMBRO, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 5, 2012)
_____

OPINION
_____

PER CURIAM

        Wilmer Gay has filed a petition for a writ of mandamus in which he asks us to "set

aside" an order, issued by the Chief Judge of the United States District Court for the

Eastern District of Pennsylvania, which reassigned his civil rights action to Judge Mary

A. McLaughlin from Judge Thomas N. O'Neill.  For the following reasons, we will deny

the petition.

        In June 2011, Gay filed a civil rights action and an application to proceed in forma

pauperis ("IFP") in the United States District Court for the Central District of California. The California District Court immediately transferred the matter to the Eastern District of Pennsylvania, where, it concluded, a majority of the alleged events occurred. In the Eastern District, the case was assigned to Judge O'Neill, who ordered that Gay's IFP application be denied because he had sufficient assets to pay the full filing fee. Gay filed a motion for reconsideration and for "disqualification" of Judge O'Neill. Judge O'Neill "ask[ed] the Chief Judge to assign another Judge to this matter." Consequently, by order entered July 22, 2011, the Chief Judge reassigned the case to Judge McLaughlin.[1] Gay filed a mandamus petition, asking this Court to "set aside" the order reassigning the case because it is "devoid of a signature of [the] Chief Judge . . . to substantiate its validity as . . . mandated by Local Rules of Civil Procedure, Rule 40.3.1."

A writ of mandamus is an extraordinary remedy. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To justify its use, a petitioner must demonstrate that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under

---

[1] Thereafter, Judge McLaughlin denied Gay's motion for reconsideration, stating that Gay could reinstate the case by remitting the filing fee within 30 days. Rather than pay, Gay filed another motion for reconsideration. Judge McLaughlin denied the motion by order entered October 13, 2011. Gay did not file a notice of appeal. To the extent that Gay challenges the denial of IFP status, we conclude that mandamus relief is not warranted. See In re Nwanze, 242 F.3d 521, 524-25 (3d Cir. 2001) (stating that a mandamus petitioner must show that he has an indisputable right to the writ and that there exists no other adequate remedy); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001) (holding that an "order denying leave to proceed I.F.P. is a final, collateral order appealable under 28 U.S.C. § 1291.").

2

the circumstances." <u>Hollingsworth v. Perry</u>, 130 S. Ct. 705, 710 (2010) (per curiam) (quotation marks and citation omitted). No such showing has been made in this case.

While a mandamus petition is a proper means of challenging a district judge's refusal to recuse himself pursuant to 28 U.S.C. § 455, <u>see</u> <u>In re Sch. Asbestos Litig.</u>, 977 F.2d 764, 774-75 (3d Cir. 1992), Gay seeks to challenge an order effectively providing the relief that he sought, namely, the assignment of this case to a different judge. Nevertheless, Gay complains that the order reassigning the case was not signed by the Chief Judge, citing as support Local Rule of Civil Procedure 40.3.1(2). But that Rule pertains in relevant part to "reassignment of substantial numbers of cases" and does not refer to signatures required on court orders. Local Rule 5.1.2(13), however, provides that "[a]ny order filed electronically without the original signature of a judge has the same force and effect as if the judge had affixed the judge's signature to a paper copy of the order and it had been entered on the docket in paper copy filed in the traditional manner." Here, although the order reassigning the case did not contain the Chief Judge's original signature above his typed name, it did include the Clerk's electronic signature, attesting to the validity of the order. Under these circumstances, we conclude that there is no basis upon which to "set aside" the reassignment order.

Accordingly, the petition for a writ of mandamus is denied.

3