DLD-051                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1933
_____

WILMER B. GAY,
                                             Appellant

v.

CITY OF PHILADELPHIA;
ROBERT D. SHANNON;
WILLIAM K. SUTER,
US CLERK FOR US SUPREME COURT;
COMMONWEALTH OF PENNSYLVANIA;
BOARD OF PARDONS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-cv-04194)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 29, 2012

Before: AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed:  December 26, 2012)
_____

OPINION
_____

PER CURIAM

Wilmer B. Gay appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which denied his motion for leave to proceed in forma pauperis ("IFP") and "to gain access to the Court to redress his grievance(s)." Because no substantial question is raised by this appeal, we will summarily affirm the District Court's order.

Gay filed a civil complaint in the United States District Court for the Central District of California. That court immediately transferred the action to the Eastern District of Pennsylvania. Gay then filed an application to proceed IFP, but the Court denied the application, finding that he had sufficient funds to pay the full filing fee. District Court Order, dkt. #2. Gay filed a motion for reconsideration and for "disqualification" of the assigned judge, Judge O'Neill. Judge O'Neill asked the Chief Judge to assign another Judge to the matter, and on July 22, 2011, the Chief Judge reassigned the case to Judge McLaughlin. District Court Order, dkt. #5. Thereafter, Judge McLaughlin denied Gay's motion for reconsideration, stating that Gay could reinstate the case by remitting the filing fee within 30 days. District Court Order, dkt. #7. Rather than pay, Gay filed another motion for reconsideration. Judge McLaughlin denied the motion by order entered October 13, 2011. District Court Order, dkt. #9. Gay did not

file a notice of appeal.[1]

Several months later, Gay filed a document, captioned in part, "Motion For Leave to Proceed In Forma Pauperis in the Above Matter and to Gain Access to the Court to Redress his Grievance(s) Concerning an Illegal Arrest, False Imprisonment, and his Continued Unlawful Detention . . . ." District Court dkt. #11 ("February 2012 motion"). The District Court denied the motion, noting that Gay had "on three or more prior occasions while incarcerated had a civil action or appeal dismissed as frivolous, malicious, or for failure to state a viable claim," and that Gay had "failed to plead facts which support a reasonable conclusion that he was in imminent danger of serious physical injury at the time he filed this civil action . . . ." District Court Order, dkt. #12. Gay timely appealed from the order.

The scope of this appeal is quite limited: we only have jurisdiction to review the District Court's order denying Gay's February 2012 motion, as Gay's notice of appeal was timely only as to that order. Bowles v. Russell, 551 U.S. 205, 214 (2007) (timely filing of notice of appeal in a civil case is a jurisdictional requirement). At the time Gay filed his February 2012 motion, the case was closed. Gay had missed the Court's deadline for reinstating the case by paying the filing fee by several months. See District Court order, dkt. #7. Thus, Gay was asking the District Court to reopen his case. Gay's February 2012 motion once again failed to show that he was in imminent danger of

---

[1] Gay filed a petition for a writ of mandamus in our Court, asking that we set aside the District Court order assigning the matter to another judge. We denied the petition. In re:

3

serious physical injury. As such, Gay has not shown that the District Court abused its

discretion when it denied his motion. Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir.

2011) (review of district court's denial of a motion to reopen is for abuse of discretion).

We therefore will affirm the District Court's order.[2]

---

Wilmer Gay, C.A. 11-4193, Jan. 5, 2012.

[2] Gay's Motion for Service of Process is denied, as Appellees are not participating in this appeal. Gay's letter dated October 30, 2012, construed as a motion to withdraw his motion for entry of default, is granted. Gay's "Motion Demonstrating Government Attorney(s) Philadelphia County District Attorney R. Seth Williams and United States Attorney Zane D. Memeger Breach of their General Duty of Candor . . ." is denied, as the motion raises issues beyond the limited scope of this appeal. Gay's "Motion to Compel Respondents . . . to Make a Reply to Court's Order . . ." is denied.